UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MAURICE POCHE KIRK,

      Petitioner,

v.                                                                    Case No. 1:06-CV-140
                                                                      (Criminal Case No. 1:03-CR-283)

UNITED STATES OF AMERICA,

                                                                      HON. GORDON J. QUIST

      Respondent.
_____/

**OPINION**

This Court has before it Maurice Poche Kirk's ("Petitioner") Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Promptly after the filing

of a § 2255 motion, the court must undertake a preliminary review of the motion to determine

whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings

that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases.

If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes

those petitions which raise legally frivolous claims, as well as those containing factual allegations

that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999)

(applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required

by Rule 4, the Court concludes that Petitioner is not entitled to relief.

I.      **Procedural History**

On March 25, 2004, Petitioner pled guilty to distribution of more than 5 grams of crack

cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). On July 21, 2004, this Court

sentenced Petitioner to 120 months incarceration, and Judgment was entered on July 22, 2004.

Petitioner appealed his sentence and conviction to the Court of Appeals for the Sixth Circuit, and that court affirmed this Court's Judgment on August 11, 2005.

On February 28, 2006, Petitioner filed this motion under 28 U.S.C. § 2255.  The essence of this petition is that (1) this Court violated Petitioner's Sixth Amendment rights by enhancing his sentence in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000); and that (2) his counsel was ineffective because he failed to properly research the sentence that Petitioner would serve and promised Petitioner that he would only be sentenced to five years, and would only have to serve two years.  Petitioner also requests an evidentiary hearing.

## II.     *Blakely*, *Booker* and *Apprendi* Claim

In his motion, Petitioner relies on *Blakely, Booker* and *Apprendi*[1] for his argument that the Court violated his Sixth Amendment rights by allegedly enhancing his sentence based on facts not found by a jury.  In *Blakely*, the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury.  The decision called into question the constitutionality of both Washington state's sentencing guidelines and the federal sentencing guidelines.  In *Booker*, the Supreme Court addressed whether the federal sentencing guidelines and enhancement provisions violate a defendant's Sixth Amendment rights.  The Supreme Court concluded that the mandatory federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment.  However, the application of the federal guidelines does not violate a defendant's constitutional rights so long as the guidelines are advisory rather than mandatory.

---

[1]Petitioner relies on *Apprendi*, but *Blakely* and *Booker* are the more recent cases that apply more directly to his allegations.  Therefore, the Court will primarily address those two cases.

## 1.    Issue Decided on Appeal Cannot be Relitigated in § 2255 Motion

Petitioner's argument that his sentence was unlawfully enhanced in violation of *Blakely* and *Booker* must fail because he already made that argument on direct appeal before the Court of Appeals for the Sixth Circuit.  *See United States v. Kirk*, No. 04-1944, p. 2-3 (6th Cir. Aug. 11, 2005) (holding that "Kirk's sentence was not enhanced in violation of *Blakely* or *Booker*. . . . Kirk's sentence was proper under *Blakely* and *Booker* as the district court explicitly treated the guidelines as advisory and sentenced Kirk exclusively upon facts admitted by him at the plea hearing and upon his prior convictions.").  A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law.  *See DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996); *see also Wright v. United States,* 182 F.3d 458, 467(6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996).  As a general rule, sentencing matters decided on direct appeal may not be relitigated under § 2255.  *See DuPont*, 76 F.3d at 110-11.  Therefore, Petitioner's claim must be dismissed.

## 2.    *Blakely* and *Booker* Relief Cannot be Applied Retroactively

Even if Petitioner could relitigate his claim, it must fail because the Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 199 (2005).  In *Humphress*, the district court had enhanced the Petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury.  The Petitioner filed a § 2255 motion, claiming that the enhanced sentence violated *Blakely*.  Because *Booker* was decided after the Petitioner had filed his motion, the Sixth

Circuit also considered *Booker* in its analysis. It concluded that, although *Booker* and *Blakely* were

"new rules" of criminal procedure, they did not meet the criteria required to be applied retroactively

to cases on collateral review set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109

S.Ct. 1060 (1989). Specifically, the new rules do not forbid punishment of certain primary conduct

or prohibit a certain category of punishment for a class of defendants because of their status or

offense. *See Humphress*, 398 F.3d at 860-863. Furthermore, they are not "watershed rules" that

implicate the fundamental fairness and accuracy of the criminal proceeding. *See id.* Accordingly,

Petitioner's claim must fail.

### III.    Ineffective Assistance of Counsel Claim

Petitioner claims that his counsel was ineffective because he allegedly failed to properly

research the sentence that Petitioner would serve and promised Petitioner that he would only be

sentenced to five years, and would only have to serve two years. In his affidavit, Petitioner claims

that:

> A.    My attorney, Jeffrey O'Hara, promised me that I would receive a five year
> prison sentence if I pleaded in the instant matter. Furthermore, Mr. O'Hara
> told me that with good behavior, I could complete my sentence in two years.
> B.    Based upon the promise made to me by Mr. O'Hara regarding my sentence
> length, I entered a plea of guilty. At no time did Mr. O'Hara inform me that
> I could be sentenced to ten years in prison.

(Aff. of Maurice Kirk ¶ 3.) However, the plea agreement and the transcript of the plea hearing

contradict Petitioner's statements. The plea agreement clearly states that:

> 3.    The Defendant's Agreement Regarding Drug Quantity. The Defendant admits
> that the quantity of cocaine base (crack) with which he was involved relative to the
> cocaine base (crack) distribution offense set forth in the Indictment was in fact 47.2
> grams of cocaine base (crack) and that the quantity of cocaine base (crack) is more
> than sufficient to provide for the statutory penalty of 5 years to 40 years in prison.

4

The Defendant understands that this admission may be used in determining his
sentence and relieves the Government of any obligation to independently prove the
substance of this admission.

\* \* \* \*

9.      The Court is not a Party to this Agreement.  The Defendant understands that
the Court is not a party to this agreement and is under no obligation to accept any
recommendation by the U.S. Attorney's Office or the parties regarding the sentence
to be imposed.  The Defendant further understands that, even if the Court ignores
such a recommendation or imposes any sentence up to the maximum established by
statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will
remain bound to fulfill all of his obligations under this agreement.  The Defendant
understands that no one - not the prosecutor, the Defendant's attorney, or the Court -
can make a binding prediction or promise regarding the sentence the Defendant will
receive, except that it will be within the statutory maximum.

(Plea Agreement, ¶3, ¶9.)

Furthermore, at the plea hearing, the Court explicitly instructed Petitioner that he could

serve between five and forty years, and that any promise that was made to him was not binding on

the Court.  Petitioner stated that no promise regarding his sentence had been made.

Q.      Now, without binding you to actually pleading guilty, Mr. Kirk, take a good look at
        that document [the plea agreement], would you please?
        Have you read that document, sir?
A.      Yes.
Q.      Have you reviewed it with your lawyer, Mr. O'Hara?
A.      Yes.
Q.      All right.  Let me point out – let me ask this first: Did you sign that document on
        page 6 back there?  It says 2-23-04, Maurice Kirk.
        Do you see that?
A.      Yes.
Q.      Did you sign it?
A.      Yes.
Q.      Did the government make any promise to you that is not contained in that written
        document?
A.      No.
Q.      Did anyone at all coerce you in any way that has caused you to sign this document?
A.      No, Your Honor.
Q.      Let me point out a couple of things to you:
        Page 1, paragraph 2, has a portion of the penalties, at least.  This is an offense –

5

> because of the quantity, that sets forth an offense where the punishment is at least five years in prison and up to forty years in prison. That's between 60 and 480 months. Not less than four years of supervised release.
> There is no parole in the federal system. So you serve your time. You can get some time off for good behavior. But then you get into a status called supervised release.

* * * *

> Q. All right. How do you plead, then, to the charge of distributing approximately 47.2 grams of crack cocaine in Muskegon County – guilty or not guilty?
> A. Guilty, Your Honor.
> Q. Are you making this plea of guilty voluntarily and of your own free will?
> A. Yes.
> Q. Has anyone threatened or forced you to plead guilty?
> A. No, Your Honor.
> Q. Other than the written plea agreement which we've reviewed in part, at least, and you've read, has anyone at all made any promise or assurance of any kind that is causing you to plead guilty?
> A. No, Your Honor.
> Q. Has anyone made any promise about what sentence you will receive?
> A. No, Your Honor.
> Q. Do you understand that no one can make such a promise since it is my responsibility alone to impose sentence in this case?
> A. Would you repeat that, please?
> Q. Yes. Do you understand that no one can make you a promise about what sentence will be imposed, since that's my job – to decide the sentence in the case?
> A. Okay. I understand.
> Q. Has anyone reported to you any statement, then, that I made regarding either your plea or the sentence that might be imposed?
> A. No.

(Plea Tr. at 10-11, 19-20.)

Thus, it is clear that Petitioner was fully informed that he could serve up to forty years in prison, and he admitted that no one had made him any promise regarding the sentence he would serve. Further, there is no evidence that counsel's performance was deficient or that Petitioner would not have pled guilty but for the actions of his counsel.

The United States Court of Appeals for the Sixth Circuit has repeated the test for ineffective assistance of counsel:

6

A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.

To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* still applies with a minor revision. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366 (1985); s*ee also Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996). The first prong of *Strickland* remains virtually the same. *See Hill,* 474 U.S. at 58. The second prong or "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. Petitioner must show a reasonable probability that, but for counsel's errors, he would have *insisted on going to trial*. *Id.* (emphasis added); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000).

Petitioner has failed to show that he would have insisted on going to trial, particularly since he entered his guilty plea after the Court clearly informed him that he could serve a sentence up to

forty years, he stated that no one coerced him into signing the plea agreement, he stated that no one had made any promise about what sentence he would receive, he stated that no one made any promise or assurance of any kind that caused him to plead guilty, the Court warned him that no promise of a sentence was binding on the Court, and he stated that he understood that no one could make a promise about what sentence would be imposed.  Therefore, this claim must be dismissed.

**IV.     No Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court

must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

### Conclusion

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases.  In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."  Because the Court was able to decide this motion without a hearing, Petitioner's request for an evidentiary hearing will be DENIED.

A separate order will issue.


Dated:  April 26, 2006                    /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE

9